THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JULIO E. CALDER, Defendant and Appellant.

No. CR-67-34.     Decided May 29, 1968.

*Gerardo Méndez Correa* and *José Rafael Gelpí* for appellant.
*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Having been convicted of the crime of incest committed on his thirteen-year-old daughter, Julio E. Calder alleges that the trial court committed error (1) in permitting the presentation of evidence for the prosecution of specific facts on appellant's conduct and his bad reputation, which covered the commission on his part of crimes analogous to the one charged; (2) in making comments prejudicial to appellant; (3) in refusing to discharge the jury after the latter learned about such comments; and (4) in considering as valid a verdict returned by a jury legally unqualified to act.

. The court did not commit the errors assigned. We state below the grounds for this conclusion.

■ 1.—The evidence on which the first assignment is based was not presented before the jury; after the latter was excused, the trial judge heard it and ruled that the portion sought to be introduced by the prosecuting attorney was not admissible. The prosecuting attorney desisted then from introducing it. There is no showing in the record to support even the suspicion that such evidence, offered and not admitted, reached the jury.

2 and 3.—These assignments are based on an incident which occurred while appellant was testifying about the chiropractic treatment for asthma known as Ganglion in par technique which he applied to the victim. He testified that it consisted first in spinal agitation and massage, then slight pressure with the fist on the perineum for 15 or 20 minutes; then he covered the middle finger with a glove or rubber wrapper and inserted it in the rectum about three inches and exerted pressure about three minutes in the left side, then he turned the finger to the right side and exerted pressure three minutes more. The incident in question appears as follows, in the transcript of appellant's testimony:

"DEFENSE:

Q. What does the treatment you have sanctioned consist of? Explain what does the technique you call 'Ganglion in par technique' consist of.

A. It is a chiropractic treatment which consists of a treatment on the area of the buttocks near the perineum, then pressure is applied. If you want I can make a demonstration.

Q. I understand that you say that you want to take a person to explain, more or less.

A. I understand that the prosecuting attorney suffers from asthma, let us practice it on the prosecuting attorney.

JUDGE:

You are being imprudent and disrespectful. Ladies and gentlemen of the jury, please withdraw.

Court adjourned."

The defense requested then the discharge of the jury because appellant's rights had been injured in such a manner that he would be deprived of a fair and impartial trial. The court ruled that:

". . . We believe that the incident is not of such a serious nature that it may injure defendant's rights and move the court to use its discretion in applying the provisions of paragraph 'D' of Section 144█ of the Rules of Criminal Procedure in the sense that an irregularity has been committed in such a way and manner that the jury cannot return a fair and impartial verdict and the question of law alleged is overruled."

When the jury returned to the courtroom, the judge charged it in the following manner:

". . . Before adjourning (addressing himself to the ladies and gentlemen of the jury) I must give you certain instructions. The ordinary ones and some special ones I am going to give you. And it is that you cannot and should not take into consideration, in any manner, the minor incident in relation to the witness' answer, which was not responsive in referring to the prosecuting attorney, and the judge had to call his attention. You should not take into consideration that incident for the final determination of the case on trial. You should be governed only and exclusively by the evidence presented."

█ In view of the foregoing, we do not believe that the aforesaid incident deprived appellant of a fair and impartial trial. *People* v. *Vukojevich*, 143 Pac. 1058 (D.C.A. Cal. 1914). As we said in *People* v. *Rivera*, 83 P.R.R. 452, 457, 464 (1961):

"It is also a long-settled principle that courts have discretion to exclude the public and to take the due precautions during a trial in order to prevent incidents which may interfere with the respect which should prevail in all courts.

.     .     .     .     .     .     .     .

". . . We do not believe that the jury should be kept isolated precisely from the facts which they are to judge. We cannot presume that they are persons of extreme sensibility, that the slightest contact with any incident, in murder or in any other crime which they are judging, might affect them in such a way as to preclude them from rendering an impartial verdict."

■ 4.—The jury was not unqualified because one of its members abstained from voting. When the verdict of guilty for the crime of incest was informed, the trial judge asked: "Are there at least nine of you in favor?" The foreman of the jury answered that the verdict was "9 to 3, two and one abstained." Previously, the jury had returned to the courtroom so that the judge would instruct it on "whether they could vote abstained." The judge explained that they should determine whether or not the defendant was guilty and that the abstained vote is considered as "not guilty." Appellant was not deprived of his constitutional right to be tried by a jury composed of twelve persons. The jury in this case was so constituted and the verdict was rendered by a constitutional majority of not less than nine. The instruction on the abstained vote rather favored appellant. The member of the jury who so voted heard all the evidence and it may be assumed that he participated in the deliberations, since the record does not show that he did not. It appears only that he abstained from voting.

In view of the foregoing, the judgment rendered in this case by the Superior Court, Caguas Part, on April 26, 1965, by virtue of which appellant was sentenced to serve from six to ten years in the penitentiary, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.